UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

YLSER OLIVER,                                                    No.

             Plaintiff,

    -against-                                              COMPLAINT

MAROON ENTERTAINMENT, INC., and                     Plaintiff Demands a Trial by
MARIAH CAREY, Individually,                                Jury

             Defendants.

_____

      Plaintiff Ylser Oliver ("Ms. Oliver" or "Plaintiff"), by and through her attorneys,

Levine & Blit, PLLC, complaining of defendants Maroon Entertainment, Inc. ("Maroon

Entertainment") and Mariah Carey ("Ms. Carey") (hereinafter, both defendants shall be

collectively referred to as "Defendants") hereby alleges the following:

## NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime wages in violation of the Fair

   Labor Standards Act of 1938, as amended ("FLSA") and in violation of the New

   York Labor Law ("Labor Law").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages

   for the economic losses caused by Defendant's unlawful conduct, including non-

   payment of overtime wages; an award of liquidated damages under the FLSA and

   Labor Law; prejudgment interest on the unpaid wages; Plaintiff's reasonable

   attorney's fees; costs of this action; and any such other and further relief that this

   Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 201 *et seq*.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York and/or Defendants are citizens of the State of New York, County of New York.

## THE PARTIES

5. Ms. Oliver resides in the State of New Jersey.

6. Maroon Entertainment is a for-profit corporation, duly organized and existing in the State of New York, County of New York.

7. Upon information and belief, Ms. Carey is citizen of the State of New York, County of New York, and is the principal and/or chief executive officer of Maroon Entertainment.

8. At all times relevant to this action, Ms. Oliver was an individual affecting interstate and/or foreign commerce by and through her work performed on behalf of Defendants through her handling of goods in commerce and transfer of information in commerce.

9. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

10. Defendants have: (1) employees engaged in commerce or engaged in the production of goods for commerce, and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) a projected annual gross volume of sales or business done in excess of five hundred thousand dollars ($500,000.00).

11. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

12. At all times relevant to this action, Defendants were an "employer" within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

13. In or about March 2007, Ms. Oliver was hired by Defendants for the position of house staff.

14. As a member of the house staff, Ms. Oliver's duties included cleaning and organizing Ms. Carey's living areas at her Manhattan apartment and various luxury hotel rooms in New York City visited by Ms. Carey, her family, and guests; maintaining household supplies; answering telephone calls; tending to Ms. Carey's guests; attending to Ms. Carey's personal needs and requests as well as those of her family; arranging for various services and repairs to Ms. Carey's dwelling; packing Ms. Carey's travel luggage and performance items; and traveling with Ms. Carey during her performance tours and vacations in order to provide these same services, among others.

15. At all times relevant to this Complaint, Ms. Oliver was a non-exempt employee entitled to overtime wages for each hour worked over forty hours in any given workweek pursuant to the FLSA and Labor Law.

16. Ms. Oliver's employment with Defendants ended on or about June 25, 2014.

17. Throughout her entire time as an employee of Defendants, Ms. Oliver worked, on average, approximately ten to sixteen hours per day, and occasionally more than sixteen hours per day, for six to seven days per week.

18. Ms. Oliver was not provided with a meal break.

19. While an employee of Defendants, Ms. Oliver was not compensated at a rate of one and a half times her regular rate of pay for each hour worked in excess of forty hours in a workweek.

20. As a result of Defendants' non-payment of overtime wages and the overtime premium, Ms. Oliver has suffered substantial lost income.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

21. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 20, as if fully set forth herein.

22. Defendants were the employer of Plaintiff within the meaning of the FLSA beginning in or about March 2007 through June 25, 2014.

23. Defendants were aware of the hours worked by Plaintiff each workweek and that those hours far exceeded forty hours.

24. Defendants willfully refused to pay Plaintiff overtime wages, despite Defendants' knowledge that Plaintiff was performing valuable work on Defendants' behalf and at Defendants' direction in excess of forty hours per workweek.

25. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of overtime work performed by Plaintiff.

26. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered significant economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the Labor Law)

27. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 26 as if fully set forth herein.

28. Defendants were the employer of Plaintiff within the meaning of the Labor Law beginning in or about March 2007 through June 25, 2014.

29. Defendants were aware of the hours worked by Plaintiff each workweek and that those hours far exceeded forty hours.

30. Defendants willfully refused to pay Plaintiff overtime wages, despite Defendants' knowledge that Plaintiff was performing valuable work on Defendants' behalf and at Defendants' direction in excess of forty hours per workweek.

31. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of overtime work performed by Plaintiff.

32. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of that unpaid compensation plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA and Labor Law relating to unpaid overtime wages;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff's economic losses; specifically, lost overtime wages and overtime premium wages;

d) An order awarding liquidated damages to Plaintiff pursuant to the FLSA and the Labor Law;

e) An award of prejudgment interest on the unpaid and unlawfully withheld compensation owed to Plaintiff pursuant to the Labor Law;

f)       An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA
         and the Labor Law;

g)       An award of the Plaintiff's costs of this action; and

h)       Any such other and further relief this Court deems just and equitable.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.



Dated: December 18, 2014
       New York, New York                     LEVINE & BLIT, PLLC



                                              Matthew J. Blit (MJB4145)
                                              *Attorneys for Plaintiff*
                                              350 Fifth Avenue, Suite 3601
                                              New York, NY 10118
                                              Tel. (212) 967-3000
                                              Fax (212) 967-3010
                                              mblit@levineblit.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YLSER OLIVER,                                                    No.

**Plaintiff,**

-against-

**MAROON ENTERTAINMENT, INC. and**
**MARIAH CAREY,**

**Defendants.**

---

---

**COMPLAINT**

---

LEVINE & BLIT, PLLC
*Attorneys for Plaintiff*
350 Fifth Avenue, 36th Floor
New York, New York 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010

---

---

---